Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5232 | **DATE** | 9/10/2012 |
| **CASE TITLE** | Mearday-Carter vs. McDonald's Coporation et al | | |

**DOCKET ENTRY TEXT**

For the reasons set out below, defendant Manpower, Inc.'s expenses for bringing its Motion to Compel Discovery Responses and for Sanctions are awarded pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) in the amount of $1,507.18. That amount is assessed jointly and severally against plaintiff and plaintiff's counsel Richard S. Zachary.

■ [ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

     Plaintiff Ashley Mearday-Carter filed this lawsuit in August 2011 against Manpower, Inc., ("Manpower") and McDonald's Corporation ("McDonald's") under Title VII, 42 U.S.C. § 2000e, alleging discrimination on the basis of race. (Compl.) [Dkt 1.] Plaintiff alleges that in December 2010, she was terminated in violation of Title VII from her position as a site supervisor for Manpower overseeing Manpower's temporary employees located at McDonald's headquarters. (Compl. ¶¶ 8, 17, 26, 27, 29, 30.) The District Judge referred discovery supervision and ruling on non-dispositive motions to this court. [Dkt 20.] On April 26, 2012, the court ordered fact discovery to close on August 31, 2012. [Dkt 27.]

     On June 15, 2012, Manpower's counsel filed a Motion to Compel Discovery Responses and for Sanctions [dkt 29] based on the fact that, as of that date, plaintiff had not served any responses to interrogatories and document requests that had been served by both mail and email on April 2 and 3, 2012, more than two months earlier. (Mot., Ex. A.) The motion recited a long tale of frustrated attempts by Manpower's counsel to communicate with plaintiff's counsel and to get responses, summarized as follows. On May 11, after having received no discovery responses, Manpower's counsel wrote to plaintiff's counsel. (Mot., Ex. D.) At plaintiff's counsel's request, Manpower's counsel re-served the discovery and agreed to several extensions. (Mot. ¶¶ 7-9.) Plaintiff's counsel initially said that he had served responses by mail (they never arrived), then said he would have them delivered by Fed Ex, courier or fax (which he never did), and then said he would have them at his own office for Manpower to pick up. Manpower tried on two occasions to pick up the discovery responses, but on the first try plaintiff's counsel's office was closed (on a weekday). (Mot. ¶¶ 10-16.) On the second occasion plaintiff's counsel cancelled the pick up, but wrote in an email: "My internet is up and running. I will fax and/or e-mail the discovery responses to you this afternoon, whenever I get back from the deposition." (Mot., Ex. N.) That was on June 13. (*Id.*) Having not received the discovery responses by June 16, Manpower filed the motion to compel. (*Id.* ¶ 17.) The motion attached the email correspondence between the attorneys, which supports Manpower's description of the events. (Mot., Exs. C, E, F-N.)

# STATEMENT

Manpower noticed the motion for June 29, 2012, two weeks later, presumably hoping to avoid the need to appear. [Dkt 30.] Given plaintiff's counsel's representation that the discovery responses had been mailed on June 5 (Mot., Ex. I), one would assume that he would re-serve those responses promptly upon receiving the motion in order to moot the motion. At the hearing on June 29, Manpower's counsel informed the court that he had still not received plaintiff's responses. Plaintiff's counsel told the court that he had personally deposited the discovery responses in the U.S. Mail on two separate occasions on some unspecified dates, and that following Manpower's counsel's email message of June 13, he gave a copy of the responses to an unnamed paralegal with instructions to deliver them to Manpower's counsel's offices. He was at a loss as to why Manpower's counsel had not yet received them. The motion to compel was granted, and plaintiff was ordered to serve the responses by July 3, 2012 by delivery and to obtain a receipt confirming the delivery. (Order, June 29, 2012.) [Dkt 32.]

Manpower's motion also sought an award of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), which provides:

> If the motion [to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; or
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Manpower's motion was taken under advisement as to the request for expenses, and plaintiff was ordered to file by July 13, 2012, any argument and supporting factual material showing why sanctions pursuant to Rule 37 should not be entered. [Dkt 32.]

Plaintiff never filed *any* submission to show why expenses should not be awarded, nor did plaintiff file any motion requesting an extension of time to file such a submission. At a continued hearing on August 1 (more than two weeks after the deadline), plaintiff's counsel told the court that he couldn't file a response because the unnamed paralegal who had, according to plaintiff's counsel, made the delivery to Manpower's office, had unexpectedly moved overseas without a cell phone, and plaintiff's counsel had not been able to reach him to get him to sign an affidavit. Plaintiff didn't file a motion to extend time to file a response, he said, because he didn't know when the paralegal would return or even if he was still alive. Plaintiff having been given an opportunity to show why expenses should not be awarded, the request for an award of expenses was granted, and plaintiff was ordered to pay Manpower's reasonable expenses incurred in filing the motion to compel. (Order, Aug. 1, 2012.) [Dkt 36.] Manpower was ordered to file a statement of those expenses by August 10, and plaintiff was given until August 31 to file any objection. (*Id.*)

Plaintiff has not filed *any* objection to Manpower's statement of expenses, either as to the amount or the nature of the expenses. Having reviewed the submission, the court finds that the request is reasonable in both the nature and amount of fees.

Manpower seeks $1,507.18, supported by the affidavit of attorney David D. Leishman. (Def.'s Stmt., Ex. A.) [Dkt 37.] He states that he spent 3.5 hours drafting and editing the motion with supporting exhibits.

| STATEMENT |
|---|

(Leishman Aff. ¶¶ 4-5.) That is not unreasonable, given the need to explain the numerous communications between himself and plaintiff's counsel, and to locate and attach the relevant email messages and other documents that were included as exhibits. He also spent one hour traveling to court and attending the hearing, which was also reasonable. (Leishman Aff. ¶ 6.) He also requests $32.50 for the time of a support staff member in delivering a courtesy copy to the court, which is required by this court's motion procedures. (*Id.* ¶ 7.) The court also finds that Mr. Leishman's billing rate of $327.75 and the support staff's billing rate of $80.75 are reasonable, in light of other rates that have been awarded in this District (*see, e.g., Webb v. CBS Broadcasting, Inc.*, No. 08 C 2010, 2010 WL 3937460 (N.D. Ill. Oct. 5, 2010), and in the absence of any objection by plaintiff. Accordingly, the court finds that an award of $1,507.18 is reasonable.

The remaining issue is who should pay the expenses: plaintiff or her counsel. Based on the absence of any information as to why the responses were not served, it is difficult to determine exactly who is ultimately responsible, although it is clear that plaintiff's counsel is culpable for his own statements and his promises that were not carried out. Accordingly, the court concludes that the better course is to make them jointly and severally liable, to let Manpower collect from either or both, and to let plaintiff and her counsel arrange such indemnification or reimbursement between them as they see fit.